FILED
CLERK, U.S. DISTRICT COURT

Nov 5 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ED CR No. 14 00130 |
|---|---|
| Plaintiff, | I N F O R M A T I O N |
| v. | [21 U.S.C. §§ 331(k), 333(a)(1), 352(f); 21 C.F.R. § 801.109: Misbranding of a Device While Held for Sale After Shipment in Interstate Commerce; 18 U.S.C. § 2: Causing an Act to be Done] |
| CKL FASHION, INC. and YOUNG KIM, | |
| Defendants. | |
| | [Class A Misdemeanor] |

The United States Attorney charges:

INTRODUCTORY ALLEGATIONS

At all times relevant to this Information:

DEFENDANTS

1. Defendant CKL FASHION, INC. was a California corporation with a retail store location at 716 North Main Street in Corona, California.

2. Defendant YOUNG KIM was the manager of CKL FASHION, INC.

DMK:joj:amb

REGULATORY BACKGROUND

3. The Food and Drug Administration ("FDA") was the agency of the United States responsible for enforcing the provisions of the Food, Drug and Cosmetic Act ("FD&C Act"). Among the purposes of the FD&C Act was to ensure that devices sold for administration to humans, or for other use by or on humans, provided reasonable assurances of safety and effectiveness.

4. Under the FD&C Act, all contact lenses were devices. 21 U.S.C. § 360j(n)(1).

5. It was unlawful to do any act to a device, while the device was held for sale after shipment in interstate commerce, which resulted in the device being misbranded. 21 U.S.C. § 331(k).

6. The connection with "interstate commerce" required for jurisdiction was presumed to exist in any action to enforce the requirements of the FD&C Act. 21 U.S.C. § 379a.

7. Dispensing a device without a label bearing adequate directions for use and adequate warnings against unsafe methods or duration of administration or application, in such a manner and form as was necessary for the protection of users, was an act that resulted in the device being misbranded while held for sale, unless the Secretary of Health and Human Services promulgated regulations exempting the device from this requirement. 21 U.S.C. § 352(f).

8. Contact lenses had potentiality for harmful effect, including scratches on the cornea, corneal infection, conjunctivitis, decreased vision, and blindness. Accordingly, adequate directions for use for contact lenses could not be prepared, and contact lenses could only be sold to or on the prescription of a practitioner licensed by law to direct their use. 21 C.F.R. § 801.109.

9.  These introductory allegations are hereby re-alleged and incorporated by reference in the following count.

## COUNT ONE

[21 U.S.C. §§ 331(k), 333(a)(1), 352(f); 21 C.F.R. § 801.109; 18 U.S.C. § 2]

On or about October 14, 2014, in Riverside County, within the Central District of California, and elsewhere, defendants CKL FASHION, INC. and YOUNG KIM did hold, and cause to be held, prescription medical devices, namely, two pairs of cosmetic contact lenses, for sale after shipment in interstate commerce, and did sell, and cause to be sold, said devices without a prescription, thereby causing the devices to be misbranded while held for sale after shipment in interstate commerce.

STEPHANIE YONEKURA
Acting United States Attorney

*[signature]*

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

JOSEPH O. JOHNS
Assistant United States Attorney
Chief, Environmental Crimes Section

AMANDA M. BETTINELLI
DIANA M. KWOK
Assistant United States Attorneys
Environmental Crimes Section